Maldonado & Cruz, PLLC.
Attorneys for Plaintiffs
By: Angel Cruz, Esq. (AC0790)
181 East 161 Street
- Lobby Suite-
Bronx, New York 10451
(718) 828-6050

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ALAIN CASTEL AND MAGALIE CASTEL,

                              Plaintiffs(s),          **COMPLAINT AND**
        -against-                                     **JURY TRIAL DEMAND**
                                                      Civil Action No.
THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT; JOHN AND JANE DOE
NYPD P.O., 1-10,

                              Defendants.
-----------------------------------------------------X

## PRELIMINARY STATEMENT

1. This action is brought, pursuant to Title 42 U.S.C. §§ 1983, 1988

and New York State law alleging civil rights violations committed by the City

of New York, and individuals employed by the New York City Police

Department (hereinafter "the NYPD").  Plaintiffs, Alain Castel and Magalie

Castel, (hereinafter "Plaintiffs") allege that, on March 26, 2016, at

approximately 6:00 a.m., NYPD officers subjected them to an illegal seizure,

assault and battery causing physical injury, false arrest, unlawful

imprisonment, malicious prosecution, and intentional and emotional distress

in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the

United States Constitution, and New York State Constitution Article 1 §§ 5,

1

and 12. In addition, Plaintiffs allege that the City of New York, and the NYPD negligently hired, trained, supervised, and retained the subject NYPD officers who committed said civil rights violations. Plaintiffs now seek compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs pursuant to title 42 U.S.C. § 1988(b), an award of any expert witness fees pursuant to title 42 U.S.C. §1988(c), and such other relief this Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to title 42 U.S.C. §§ 1983 and 1988, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by title 28 U.S.C. § 1331 and § 1343.

3. Plaintiffs also invoke the supplemental jurisdiction of this Court, pursuant to title 28 U.S.C. § 1367, to hear and decide Plaintiffs' claims brought under New York State law.

4. Venue is proper in the Southern District of New York pursuant to title 28 U.S.C. §1391 (b) as the actions complained of occurred in Bronx County, New York, within the territorial jurisdiction of this court.

## PARTIES

5. Plaintiffs, Alain Castel and Magalie Castel, are husband and wife, and residents of the State of New York. Plaintiff, Alain Castel, is a lawful Permanent Resident, and Plaintiff, Magalie Castel, is a United States Citizen.

6. The City of New York is a municipal corporation organized under the

2

laws of the State of New York. NYPD Police Officer Jane and John Doe 1-18, are employed by NYPD (the identity of the NYPD officers named herein are unknown to Plaintiffs at this time, however, upon information and belief they were NYPD officers assigned to the 40th precinct located in Bronx County, New York and were involved in the arrest of Plaintiffs, and responsible for the torts arising out of Plaintiffs' illegal seizure, assault and battery causing physical injury, false arrest, unlawful imprisonment, malicious prosecution, and intentional and emotional distress. These NYPD officers were acting under color of state law, and in their capacities as NYPD officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein, and for failing to intervene to protect Plaintiffs from unconstitutional conduct. The NYPD officers are sued in their individual capacities as well.

## JOINT LIABILITY

7. This action falls within one or more of the exceptions set forth in CPLR § 1602.

## NOTICE OF CLAIM

8. Within 90 days of the events giving rise to this claim, Plaintiffs filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice. A 50-H hearing was not conducted in this matter for lack of an interpreter, and this matter has not been settled or otherwise disposed of.

## ALLEGATIONS OF FACT

9. On March 26, 2016, at approximately at 6:00 a.m., Plaintiffs were sleeping in their marital residence located at 508 Jackson Avenue Bronx, Apt.4, New York 10455.

10. They were awakened out of their sleep by a loud bang when NYPD Officers broke down Plaintiffs' front door, and entered their displaying their weapons and while screaming "police, police get down on the ground".

11. The NYPD officers entered Plaintiffs' bedroom, with their weapons drawn and struck Plaintiff, Magalie Castel, across her face, roughly grabbed, and forcefully threw both Plaintiffs to the ground.  While on the ground, NYPD Officers exercised excessive force by pinning both Plaintiffs on the ground, and placing their knee on the back of both of Plaintiffs' necks cutting off their air supply, making it difficult to breathe. NYPD officers then placed both Plaintiffs in handcuffs.  When Plaintiffs asked why their house was being raided, and whether the NYPD officers had a warrant, the NYPD officers told them to "shut the fuck up".

12. NYPD officers entered Plaintiffs' apartment, and began destroying Plaintiffs personal property, screaming they were searching for "drugs and guns".  After ransacking and searching Plaintiffs' marital residence, the NYPD purportedly recovered two (2) house knives from Plaintiffs' residence.  The knives were not illegal under New York State law.

13. Both Plaintiffs were arrested and taken to the 40th precinct for processing.  At the 40th Precinct Plaintiffs, were unlawfully strip-searched, ordered to squat, bend over and cough. Nothing illegal was found on either Plaintiffs' person.

14. After being processed in the 40th precinct, both Plaintiffs were confined in a holding cell that was filthy.  After a number of hours, Plaintiff, Alain Castel, was issued a Desk Appearance Ticket for the purported illegal knives, and both Plaintiffs were eventually released from the 40th precinct.

15. Upon being released Plaintiff, Magalie Castel, was taken to Harlem Hospital Center as she lost consciousness as a result of the injuries and shock she sustained from the illegal NYPD entry of her home, and unlawful arrest.

16. On or about April 11, 2016, both Plaintiffs filed their respective notice of claim with the New York City Comptroller's Office.

17. On May 24, 2016, Plaintiff, Alain Castel was arraigned on the Desk appearance ticket, which falsely charged criminal possession of a weapon in the fourth degree (P.L. § 265.01(1)).  The false charges lodged against Plaintiff, Alain Castel, was a direct result of NYPD Jane and John Doe 1-10 reckless disregard for the truth or misrepresented the events that occurred on March 26, 2016, to the prosecutor employed by the Bronx County District Attorney's Office.

18. On or about June 16, 2016, the pending criminal case against Plaintiff, Alain Castel, was dismissed in its entirety.

19. Both Plaintiffs suffered damage as a result of Defendant NYPDs' actions.  Plaintiffs suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, bruising, and loss of liberty. Both Plaintiffs alleges that the NYPD officers subjected them to an illegal seizure, assault and battery causing physical injury, false arrest, unlawful imprisonment, malicious prosecution, and intentional and emotional distress in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, and 12. In addition, Plaintiffs alleges that the City of New York and the NYPD negligently hired, trained, supervised, and retained the subject NYPD officers. Plaintiffs now seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs pursuant to title 42 U.S.C. § 1988(b), an award of any expert witness fees pursuant to title 42 U.S.C. §1988(c), and such other relief this Court deems just and proper.

### FIRST CAUSE OF ACTION
(TITLE 42 U.S.C. § 1983)

20. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-19 as fully set forth herein.

21. Defendants acted under the color of law and conspired to deprive Plaintiffs of her civil, constitutional, statutory rights, and have conspired to deprive them of such rights and are liable to Plaintiffs under the common

6

law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions. Defendants are liable to Plaintiffs under title 42 U.S.C. § 1983 and Article one (1) sections five (5) and twelve (12) of the New York State Constitution.

22. Both Plaintiffs have been damaged as a directresult of Defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

23. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-22 as fully set forth herein.

24. New York City and the NYPD are liable for the damages suffered by Plaintiffs as a result of the conduct of their employees, agents, and servants.

25.  New York City and the NYPD knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

26. The aforesaid event was not an isolated incident. New York City and the NYPD have been aware for some time (from lawsuits, notices of claim, and complaints filed with the Civilian Complaint Review Board) that many of their officers are insufficiently trained on how to avoid excessive use of force.   New York City and the NYPD insufficiently disciplined officer for not reporting fellow officers' misconduct that they have observed, and they failed to discipline offers for making false statements to disciplinary agencies. New York City and the NYPD are aware that all of the

7

aforementioned acts have resulted in violations of citizens' constitutional rights. Despite such notice Defendants have failed to take corrective action. This failure and these polices caused the officers in the present case to violate Plaintiffs' civil and constitutional rights, without fear of reprisal.

27.    New York City and the NYPD knew or should have known that the NYPD officers who caused Plaintiffs' injury had a propensity for the type of conduct that took place in this case. Nevertheless, New York City and the NYPD failed to take corrective action.  Without proper supervision not only is this abusive behavior ignored, it is condoned.

28. New York City and the NYPD have failed to take steps to discipline, train, supervise, or otherwise correct the improper, illegal conduct of the individual Defendants in this and similar cases involving misconduct.

29. The above described policies and customs demonstrated a deliberate indifference on the part of New York City and the NYPD policymakers to protect the constitutional rights of persons within New York City, and were the cause of the violations of the Plaintiffs' rights herein alleged.

30. New York City and the NYPD have damaged Plaintiffs by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving NYPD officer misconduct.

31. Both Plaintiffs have been damaged as a result of the wrongful, negligent, and illegal acts of New York City and the NYPD.

## THIRD CAUSE OF ACTION
### (CONSTITUTIONAL TORTS)

32. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-31 as fully set forth herein.

33. Defendants, acting under color of law, violated Plaintiffs' rights pursuant to Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, and 12.

34. A damages remedy here is necessary to effectuate the purposes of Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, and 12.  This is appropriate here to ensure the full realization of Plaintiffs' right in the aforementioned sections of the Federal and New York State Constitutions.

35. Both Plaintiffs have been damaged as a result of the wrongful, negligent, unconstitutional, and illegal acts of New York City and the NYPD.

## FOURTH CAUSE OF ACTION
### (ASSAULT)

36. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-35 as fully set forth herein.

37. Defendants made Plaintiffs fear for his physical well-being, and safety, and placed him in apprehension of immediate harmful or offense touching.

38. Defendants have deprived Plaintiffs of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiffs under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

39. Both Plaintiffs were damaged by Defendants' assault.

## FIFTH CAUSE OF ACTION
### (BATTERY)

40. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-39 as fully set forth herein.

41. Defendants engaged in and subjected Plaintiffs to immediate harmful and/or offensive touching and battered him.

42. Defendants used excessive and unnecessary force with Plaintiffs. Defendants have deprived Plaintiffs of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiffs under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

43. Both Plaintiffs were damaged by Defendants' battery.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT HIRING AND RETENTION)

44. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-43 as fully set forth herein.

45. Defendants, NYPD Officers, had a bad disposition and New York City and the NYPD knew or should have known of facts that would have led a

responsible and prudent person to further investigate Defendants, NYPD Officers, bad dispositions through the hiring process.

46. Defendants knew or should have known that their failure to investigate Defendants, NYPD Officers, bad dispositions would lead to Plaintiffs' injury.

47. Defendants were negligent in their hiring and retaining the NYPD Officers involved in this case in that they knew or should have known of the NYPD Officers' propensity to use excessive force.

48.  Defendants have deprived Plaintiffs of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiffs under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

49. The injury to both Plaintiffs was caused by the NYPD Officers' foreseeable use of excessive force.

## SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

50. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-49 as fully set forth herein.

51. Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant, City of New York, and in furtherance of Defendant, City of New York's interest.

11

52. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant, City of New York, both Plaintiffs were damaged.

**EIGHTH CAUSE OF ACTION**
(STATE COMMON LAW MALICIOUS PROSECUTION)

53. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-52 as fully set forth herein.

54. By Defendants conduct, as described herein, Defendants are liable to Plaintiffs for having committed malicious prosecution under the laws of the State of New York.

55. Defendants maliciously commenced criminal proceedings against Plaintiff, Alan Castel, and unjustly charged him with criminal possession of a weapon in the fourth degree (P.L. § 265.01(1) despite having knowledge that the purported knives where legal pursuant to New York State law. Accordingly, Defendants falsely and without probable cause charged Plaintiff, Alan Castel, with alleged violations of the laws of the State of New York.

56. The commencement and continuation of the criminal proceedings against Plaintiff, Alan Castel, was malicious and without probable cause.

57. All charged lodged against Plaintiff, Alan Castel, were dismissed in its entirety.

58. Defendants, their officers, agents, servants, and employees were responsible for the malicious prosecution of Plaintiffs.  Defendant, City if New

York, as an employer of the individual Defendants, is responsible for their wrong acts under the doctrine of *respondeat superior*.

59. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff, Alan Castel, sustained damages.

## NINTH CAUSE OF ACTION
### (VIOLATIONS OF ARTICLE I, SECTION 12 OF THE NEW YORK STATE CONSTITUTION)

60. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-59 as fully set forth herein.

61. The acts of Defendants, acting under the color of law in subjecting Plaintiffs to unlawful search and seizure, arrest, and excessive force by physically assaulting Plaintiffs were done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious bodily harm, pain and suffering to Plaintiffs in violation of their constitutional rights as guaranteed by Article I, Section 12 of the Constitution of the State of New York.

62.  The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to both Plaintiffs and violated their rights as guaranteed by the Constitution of the State of New York.

## TENTH CAUSE OF ACTION
### (*MONELL* CLAIM)

63. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-61 as fully set forth herein.

64. At all relevant times herein, Defendant City of New York, acting through the NYPD, developed, implemented, enforced, encouraged and sanctioned *de facto* policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiffs' constitutional rights which caused the violation of such rights.

65. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiffs of their constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

66. The constitutional abuses and violations by Defendant, City of New York, through the actions of its Police Department and Defendant, NYPD Officers John and Jane Doe 1-18, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged, and sanctioned by Defendant, City of New York, including the failure: (a) to adequately supervise and train its officers and agents including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and instead, acts of misconduct were tolerated by the City of New York.

67.   Upon information and belief, Defendant, City of New York has, acting through the NYPD, developed, implemented, enforced, encouraged and sanctioned a *de facto* policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights to live free from unreasonable search and seizure pursuant to the fourth Amendment to the United States Constitution.

68.   Defendants unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiffs of their constitutional rights pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

69.   Defendants have acted with deliberate indifference to the constitutional rights of Plaintiffs.  As a direct and proximate result of the acts as stated herein by each Defendants, the Plaintiffs' constitutional rights have been violated, which has caused to suffer physical, mental and emotional injury and pain, mental aguish, suffering, humiliation and embarrassment.

70.   Both Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices and/or customs, which have directly and proximately caused such constitutional abuses.

## ELEVENTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

71. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-70 as fully set forth herein.

72. Defendants conduct toward Plaintiff, Magalie Castel, was extreme and outrageous in that: Defendants without reasonable suspicion, probable cause or a warrant unreasonably searched and seized Plaintiff, Magalie Castel's, marital home in violation of New York State constitution and the United States constitution. Further, Defendants upon forcefully entering Plaintiff, Magalie Castel's, marital home destroyed her personal property, unlawfully arrested Plaintiff, Magalie Castel, unlawfully detained her in the 40th, and maliciously prosecuting her husband Plaintiff, Alain Castel.

73. Each of Defendants acts, individually and cumulatively, directly and immediate caused Plaintiff, Magalie Castel, damage in the form of serve emotional distress, leaving her paranoid of the NYPD and with feeling of tightness in their chest, shaking, afraid for his future, and sleeplessness, which has required Plaintiff, Magalie Castel to seek professional physiological and psychiatric evaluation and treatment.

## ELEVENTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

74. Plaintiffs repeats and re-alleges the allegations contained in ¶¶ 1-73 as fully set forth herein.

75. Defendants' conduct, in assaulting and battering both Plaintiffs, was careless and negligent as to the emotional health of Plaintiff, Magalie Castel, and caused her severe emotional distress.

76.  The acts and conduct of Defendants was the direct and proximate cause of the injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

77.  As a result of the foregoing, Plaintiff, Magalie Castel, was deprived of her liberty, was subjected to serious pain and suffering, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiffs demands a jury trial and the following relief jointly and severally against the defendants:

a.  Compensatory damages in an amount to be determined by a jury;

b.  Punitive damages in an amount to be determined by a jury;

c.  Costs, interest and attorney's fees pursuant to title 42 U.S.C § 1988(b);

d.  Cost, interest and expert witness fees pursuant to title 42 U.S.C § 1988(c);

e.  Such other and further relief as this Court may deem just and proper, including declaratory relief.

### JURY DEMAND

Plaintiffs demand a trial by jury.

Dated:      March 21, 2017
            Bronx, N.Y.

                                    By: Angel Cruz, Esq. (AC0790)
                                    Attorneys for Plaintiffs
                                    Maldonado & Cruz, PLLC.
                                    181 East 161 Street
                                    - Lobby Suite-
                                    Bronx, New York 10451
                                    (718) 828-6050

To:    New York City Office of
       Corporation counsel
       100 Church Street
       New York, New York 10007

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
ALAIN CASTEL AND MAGALIE CASTEL,

                                    Civil Action No.

              Plaintiffs,

    -against-

THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT; JOHN AND JANE DOE
NYPD P.O., 1-10,

              Defendants.

--------------------------------------------------X

---

## TITLE 42 U.S. C. §1983 COMPLAINT

---

## MALDONADO & CRUZ, PLLC.
### 181 East 161 Street – Lobby Suite
### Bronx, New York, 10451
### Tel: (718) 828-6050

---

Dated: March 21, 2017
      Bronx, New York

Signature _____
              Angel Cruz, Esq. (AC0790)

To:   New York City Office of
       Corporation counsel
       100 Church Street
       New York, New York 10007